## "PENDING" PROCEEDINGS WITH REFERENCE TO STREET IMPROVEMENTS.

[Circuit Court of Lucas County.]

THE CITY OF TOLEDO v. DOLPHUS J. MARLOW ET AL.

Decided, March 10, 1906.

*Street—Improvement of—Proceeding "Pending"—From Date of Adoption of Preliminary Resolution—Statute Governing the Proceeding—Section 79 Construed.*

1. The several statutory steps required for the improvement of a street by pavement or sewer, constitute a "proceeding" within the meaning of Section 79, Revised Statutes.

2. The rate or amount of lawful assessment by a municipality for a street improvement, such as a pavement or sewer, upon benefited or abutting property, is governed by the statute in force at the beginning of the proceeding.

3. The adoption of the preliminary resolution declaring the necessity of a street improvement, such as a pavement or sewer, is, in the absence of a petition by property owners for the improvement, the beginning of a proceeding, which is thereafter "pending" within the meaning of Section 79, Revised Statutes, and unaffected, in respect to limitation of rate of assessment, by an amendatory act not expressly retroactive.

WILDMAN, J.; PARKER, J., and HAYNES, J., concur.

This case presents the question whether the preliminary resolution for the improvement of a street is the beginning of a proceeding, within the meaning of Section 79 of the Revised Statutes, so as to leave a limitation upon the amount of the assessment for such improvement as established by an act in force at the time of the preliminary resolution but amended thereafter, unaffected by the amendment.

The case is one in error from the court of common pleas, which, upon the petition of the defendants, Marlow and others, enjoined the collection of such an assessment. A demurrer to the petition having been overruled in the court of common pleas and no amendment to the petition being made, the court rendered judgment upon the demurrer, making the injunction theretofore allowed, perpetual.

The improvements contemplated are of two characters: one for a sewer and another for the paving of certain streets. The preliminary resolutions as to both were prior to a certain amendatory act passed on the 21st day of April, 1904. Up to that time, under the Municipal Code, Section 53, as found on page 40· of the 96th Volume of the Session Laws, it was provided that in all cases of assessments the council shall limit the same to the special benefits conferred upon the property assessed, and in no case shall there be levied upon any lot or parcel of land in the corporation, any assessment or assessments for any or all purposes within a period of five years exceeding thirty-three per cent. of the tax value thereof.

On the 21st day of April, 1904, this act was amended so as to change the limitation from thirty-three per cent. of the tax value to thirty-three and a third per cent. of the actual value of the property as enhanced by the improvements contemplated, the amendatory act containing no provision that it should be applicable to pending proceedings; and·the sole question before us, presented by this petition and demurrer, is whether this amendatory act and the change in the limitation of assessment, affects proceedings in which the preliminary resolutions were adopted by the council prior to the enactment of the amendment. As to the sewer improvement, both the preliminary resolution and the so-called improvement ordinance had been passed prior to April 21, 1904. As to the paving improvement, the preliminary resolution had been passed, but the other ordinances at that time required, had not been. The statute at that time, that is before April 21st, provided not only for a preliminary resolution as to the paving, but also for a sort of intermediate ordinance, then an improvement ordinance, and finally an assessment ordinance. And in this case, as to the paving improvement, the preliminary resolution only had been passed prior to April 21st. On the 25th of April, the so-called intermediate ordinance was passed, although the law requiring it was repealed by the amendatory act. I say "intermediate," because that is the term that has been adopted by counsel for convenience, and it may properly be used by the court in the same way.

Section 79, Revised Statutes, provides that whenever a statute is repealed or amended, such repeal or amendment shall *in no manner* affect pending actions or prosecutions or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions or proceedings unless *so expressed,* nor shall any repeal or amendment affect causes of such actions, prosecutions or proceedings existing at the time of such amendment or repeal unless otherwise expressly provided in the amending or repealing act. Provisions similar to this are found in some of these municipal statutes. There is one in the Municipal Code, but for the purposes of our inquiry it is not necessary to consider any other provision of this character than that embodied in the section just referred to.

There is no dispute in the contentions of the counsel that thirty-three per cent. of the tax value is the limitation as to the sewer improvement. There is no dispute that if the same limitation applies to the street improvement, the property can not be assessed for both improvements beyond thirty-three per cent. of the tax value. The only question, as I have said, is whether the law in force at the time of the preliminary resolution for the street improvement, or that in force at the time of the subsequent proceedings, governs the rate of the assessments.

There is now no room for discussion whether these actions of the council are to be treated as "proceedings," within the terms of Section 79 of the statutes. They have been recognized as such repeatedly by our Supreme Court. Perhaps in one of the earlier cases, the question was raised whether these matters constituted "proceedings," within the meaning of the law,; but that question was definitely determined and all controversy ended in one or more of the first adjudications on the subject.

But it is contended by counsel for the city that Section 79 has no application to the amounts of assessments, and that an amendatory statute changing the limitation will go into effect, and govern the assessments which may be made, although a preliminary resolution has been passed, notwithstanding a concession that as to the *mode* of proceeding the original statute will apply and the amendatory section not affect the proceedings in

that regard.    Much reliance is placed by counsel for the city upon what are known as the Seasongood and Shean cases, to which some brief reference may be made.    I will not tarry long upon the Shean case, which was decided by a lower court and affirmed without report by the Supreme Court, because it seems to us from a consideration of the case. that its decision was influenced rather by principles of estoppel, than by a construction of this statute.    Certain parties had petitioned for an improvement, and after an assessment had been changed, they still had an opportunity to withdraw the proceedings; it was substantially held that they were estopped by permitting the proceedings to go on from disputing the validity of the higher assessment.

The case of *Cincinnati* v. *Seasongood*, reported in the 46 Ohio St., 296, held in terms, as we read in the syllabus:

"A municipal corporation having through its proper boards and officials passed a resolution and ordinance to improve a street, in its assessment of the cost and expense of the improvement upon the abutting property, it should be governed by the law in force at the time of the passage of its improvement ordinance, with respect to the manner of assessment and the rights and liabilities of the owners of abutting property."

And it is largely upon this language and the ruling claimed to have been made thereby that the city relies for the prosecution of its claims in this case.    An examination of the case shows that the question really arose between the limitation provided by law at the time when the assessment ordinance was passed and that in force when both the resolution for the improvement and the improvement ordinance were passed.    In other words, the amendatory act in that case was after the improvement ordinance, and no different rate or limitation of assessment obtained between the time of the passage of the preliminary resolution and the passage of the improvement ordinance; so that to hold that the limitation of assessment in force at the time of the passage of the improvement ordinance would apply and govern, was equally to hold that the limitation in force at the time when the resolution was adopted, would apply, because it was the same limitation.    The court held in that case,

however, that at the time of the passing of the resolution and the passage of the ordinance—and perhaps they rely more upon the passage of the ordinance than the adoption of the resolution—a vested right accrued to the property owners to be assessed upon the basis of the law in force at that time, and not on one that was enacted later. And upon the general principle that the Constitution prohibits the enactment of retroactive laws, they held that the Legislature had no power after the adoption of the improvement ordinance, to change the assessment. I read from page 303 of the decision:

"Under the constitutional prohibition, the General Assembly has no power to pass retroactive laws (Article II, Section 28). Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past must be deemed retrospective or retroactive." (Citing a number of earlier cases.)

The court bases its conclusions upon this principle, without regard to the provisions of Section 79 of the Revised Statutes as to the effect of an amendatory act. On page 306, the judge delivering the opinion uses this language, expressly disavowing any intention to pass upon the provision to which I have referred, Section 79, Revised Statutes:

"Entertaining as we do the opinion that the defendants in error acquired a vested right under the act in force at the time of the passage of the improvement ordinance, which, by virtue of the constitutional inhibition, could not be impaired or taken away by the subsequent amendment and repeal of the act, we deem it unnecessary to consider whether the various steps in council and before municipal board, with respect to a street improvement, constitute a pending proceeding within the meaning of Section 79 of the Revised Statutes, which could not be affected by such repeal or amendment of the law."

They are not saying what would be the effect of Section 79 upon the improvement ordinance or upon the various steps in council and before the municipal board with respect to the street improvement; they are including them all in their category in making this query, and in leaving this question open for future consideration. And then it is added:

"But we may refer to the case of *Raymond* v. *Cleveland*, 42 Ohio St., 522, in which it is held, upon forcible reasoning, that the successive steps to make an assessment or re-assessment for a street improvement, constitute a proceeding within the following saving clause of Section 1539 of the Revised Statutes."

This is a section which, as will be observed, is analogous to Section 79 of the Revised Statutes applicable to all amendatory or repealing acts of the Legislature. The language of Section 1539 of the Revised Statutes is quoted by the Supreme Court:

"No suit, prosecution or proceeding shall be in any manner affected by such change, but the same shall stand or proceed as if no such change had been made."

We are unable to see any substantial distinction between that provision in the act then in force, applied by the Supreme Court to the Seasongood case, and the general act remaining in force, Section 79, which is applicable not only to these municipal proceedings, but to all other proceedings, actions and prosecutions.

Referring to the case of *Raymond* v. *Cleveland*, 42 O. S., 522, cited approvingly in the Seasongood case, we have in the syllabus this language, after statement that proceedings were taken for the improvement, by the city council:

"*Held:* That the various steps in council and before the boards, with respect to such street improvement, constituted a proceeding, within the meaning of the above provision, and hence council was empowered to re-assess pursuant to the Municipal Code of 1869, Sections 551, 552."

The reference was to the provision in the Revised Municipal Code of 1878 by which the general laws then in force were repealed, and which act contained the saving clause above quoted.

It was the original act passed before the amendment which provided that the special tax could be levied and assessed and re-assessed.

On page 529, the judge speaking for the court, says:

"Counsel for plaintiff in error contend that the provision has relation to vested and property rights, pending actions, proceedings in the nature of actions, and the like, and does not

extend to or embrace the right to make such an assessment or re-assessment. But we are unwilling to place any such limitation upon the provision. It is remedial, and no violence is done to the language by holding that it preserves the right to make this re-assessment under the Municipal Code of 1869. With respect to vested rights no saving was necessary.''

[Just as held in the other case to which I have referred, where the Supreme Court apply the constitutional provision which protects vested rights, by providing that the Legislature shall not pass retroactive laws.]

''If the word *proceeding,* where it occurred in statutes relating to practice, has in one or two instances received a construction which seemed to limit it to litigation in the nature of a suit, that affords no justification for giving to the word such restricted meaning where it occurs in a provision relating to matters *in fieri* under a municipal code. See *Lafferty* v. *Shinn,* 38 Ohio St., 46, and cases cited. We think the saving has peculiar reference to matters like that involved here.''

A later case is *Cincinnati et al* v. *Davis et al,* 58 Ohio St., 225, decided in 1898, some time subsequent, I believe, to the holding in the Shean case and its affirmance without report by the Supreme Court. I read from the syllabus:

''Where a resolution, declaring the necessity of the improvement of an alley, is made by the proper board of a city, at the time a resolution is adopted, the subsequent amendment of the law, whereby the making of such improvements, as to alleys of a certain width, is conferred on another board, does not work a discontinuance of the pending proceeding, though it be of such an alley; and the improvement should be prosecuted to completion by the board that adopted the resolution, unless otherwise expressly provided in the amendment. *Cincinnati* v. *Seasongood,* 46 Ohio St., 296, distinguished.''

On page 233, as part of the statement of facts, I read:

''By its resolution and the notices served on the property owners, the proceeding for the improvement of the alley named was commenced and the board of legislation acquired jurisdiction of the proceeding for the construction of the improvement.''

And a little later on the page, we have this language:

"So that at the passage of the law, March 30, 1893, conferring on the board of administration the improvement of alleys of the width of twenty feet or less, the improvement was a pending proceeding."

Here is a distinct expression by Judge Minshall, announcing the opinion, that the proceeding was pending at the time of the passage of the resolution declaring the necessity for the improvement.   He says:

"The question then arises whether the assessments are void, because the ordinance to improve adopted June 20, 1893, was adopted by the board of legislation, instead of by the board of administration; or, whether, by the amendment of March 30, 1893, the proceeding did not abate for the want of jurisdiction, before which it was commenced, to make it?   We think not. The act of March 30, 1893, contained no express provision making it apply to pending proceedings.   Hence, as we think, this proceeding was not discontinued thereby, and the board of legislation was authorized under Section 79, Revised Statutes, to proceed with and complete the improvement as it did.   This section relates to no particular subject of legislation.   It relates to the operation of statutes in general."

Further, on page 234, he says:

"The section as first adopted did not contain the second clause as to repeals or amendments affecting the remedy; but as there was a disposition to hold that it did not apply to such changes in the law, this clause was inserted, so that a repeal or amendment affecting the remedy should not apply to pending proceedings, 'unless so expressed,' so that the amendment of March 30, 1893, does not apply to this case, if it is within the provisions of the above section, whether it relates to the remedy or not, for the amendment contains no express provision to that effect."

As already stated, the act of April 21, 1904, the amendatory act under consideration in the case at bar, contains no express provision that it shall be applicable to pending proceedings.

The court further says:

"There seems to be the same reason for applying the provisions of this section to a pending proceeding for the improvement of a road or street that there is for its application to a pending proceeding in the nature of a suit, where the change

in the law simply applies to the mode of procedure. In either case it must be assumed that the proceeding was commenced with reference to the provisions of the existing law; and it is neither wise nor just, as a general rule, to disappoint the parties in this regard by a change of the law, and, as must frequently happen, after a considerable amount of costs and expenses have been incurred.''

Now we have the two cases to which reference has been made: one holding that the Legislature has no power by an amendment to affect or change vested rights by reason of an inhibition in the Constitution of the state (and it may be remarked that this Section 79 of the Revised Statutes applies to vested causes of action, as well as to the form of action, as well to rights as to remedies); and the *Cincinnati* v. *Davis* case in which it is held that the statute applies to attempted changes in the remedy, in the method or mode of collecting assessments, or to making the improvements, establishing them, and providing for their construction.

In the argument before us, another case, that of *Commissioners* v. *Green,* 40 Ohio St., 318, was cited as substantially holding that proceedings of the council are not pending proceedings within the meaning of Section 79, Revised Statutes. But Judge Minshall in *Cincinnati* v. *Davis et al, supra,* says on page 235:

''In so far as *Commissioners* v. *Green,* 40 Ohio St., 318, conflicts with this view it is not approved. In *Raymond* v. *Cleveland,* 42 Ohio St., 522, a more correct view is taken of a clause similar to the provisions in Section 79, Revised Statutes.''

It will be recalled that the judge in that case quoted a section of the Revised Statutes, applying to the case which he was considering, which in my comment upon it, I have said was not to be distinguished in substance from Section 79, Revised Statutes, applicable to all legislation amendatory in its character. The judge rendering the opinion in *Cincinnati* v. *Davis* speaks of the act referred to in the 42d Ohio St. as similar in its provisions to Section 79. Reference is made by Judge Minshall on page 236 to both the Seasongood and Shean cases upon which so much reliance is placed by counsel for the city. He says:

''But it is claimed, however, that the case of *Seasongood* v. *Cincinnati,* 46 Ohio St., 292, requires a different ruling. We do

not think so.   There, after the adoption of the ordinance to improve, a change was made, not in the mode of procedure but in the measure of assessment that might be made on the lots of such owners as abutted lengthwise on the improvement.   By the statute in force at the adoption of the ordinance such lots were to be assessed according to the average depth of lots in the neighborhood.   By an amendment subsequent to the adoption of the ordinance, this reasonable provision was stricken out, and 'such lots were required to be assessed for the full number of feet they abutted on the improvement.   It was claimed that these lots should be assessed according to the amendment.   But the court, observing that the parties had acted with reference to the law in force at the time the improvement ordinance was adopted, held that the assessment should be made according to the statute then in force and not according to the subsequent amendment.''

It will be recalled that in the proceeding considered in the Seasongood case, as I have already said, the amending statute intervened between the improvement ordinance and the assessing ordinance, and all that the court was called upon to decide was as to whether the amendatory law providing for a different limitation of assessment, would apply to an improvement which had already been provided for by both resolution and the preliminary ordinance for the improvement.   The judge continues:

''The same view was taken in *Shean* v. *Cincinnati*, affirmed by this court, and reported by the trial judge in 25 Bul., 212. In this case the assessment was made according to the amended law, because it was in force at the adoption of the improvement ordinance, and the parties had an opportunity to terminate the proceeding before this ordinance was adopted, and, not having done so, are presumed to have assented to that mode of assessment.''

Here was a case where the improvement was made upon petition of property owners and where they had some power over the proceeding; a proceeding which they might have terminated at any time when the mode or extent of the assessment was changed.   Judge Minshall further says:

''Manifestly the case of *Seasongood* v. *Cincinnati* is not decisive of the question here.   It, and the subsequent case, simply decide that the parties to a street improvement may put an end to it at any time before the improvement ordinance is made,

and that no change can be made by statute in the rate of assessment fixed by statute at the time that ordinance was adopted. This, however, is not a determination that the board before which the proceeding was commenced had no jurisdiction of the improvement prior to that time, or that the proceeding was not a pending one. The parties to a suit may dismiss it at any time after the court has acquired jurisdiction by its commencement."

So, in the court of common pleas, a party may, long after a proceeding has become a pending one, dismiss it without prejudice to another action. Parties have a certain control over the proceedings, and the Supreme Court here is recognizing a like control in the petitioners for a public improvement.

But in the case at bar, we have no petitioners for the improvement. The proceeding takes its inception from the resolution of the council without any preliminary act or any invoking of the powers of the council by the people who are to be affected thereby. The judge continues:

"The right to dismiss does not imply that the court has no jurisdiction; in fact the power to dismiss implies that the court has acquired jurisdiction of the parties and the subject of the action. In the case before us the proceeding was not put an end to by the parties on the adoption of the act of March 30, 1893. On the contrary it progressed before the board of legislation until it was completed. And as the change in the law did not affect pending proceedings of the kind, the assessments made for the payment of the costs and expenses of the improvement are valid and can not be enjoined."

These assessments, it will be remembered, were made by the board which had jurisdiction before the amendatory act was passed.

Another case (*Alfred Squier* v. *Cincinnati*) decided by the Circuit Court of the First Circuit, and reported in 5 C. C. Rep., 400 (3 O. C. D., 196), is perhaps more clearly in point upon the controversy now before us than any of these adjudications in the Supreme Court. The recital of facts shows that H, the owner of lots abutting on an avenue in the city of Cincinnati, while in Denver, Colorado, on March 11, 1887, signed a petition to the board of public affairs, asking in the usual form for an improvement of said avenue in a certain manner, and a like

petition signed by more than three-fourths of the owners of property abutting on such avenue had prior thereto, on the 14th day of January, 1887, been presented to such board; and on its recommendation the council of such city had prior to the 11th day of March, 1887, passed a resolution declaring it necessary to improve said avenue in accordance with the prayer of such petitioners.   A few days after March 11, 1887, the petition of H was left at the office of said board and placed with the other papers relating to the improvement. Afterwards, namely, on May 13, 1887, the council, on recommendation of the board passed an ordinance providing for the improvement.   On August 3, 1888, the assessing ordinance was passed.   On September 30, 1887, nearly a year before the assessing ordinance was passed, H conveyed his lot to S, the plaintiff, who had no knowledge of the signing of the petition of H.   The assessment on these lots was for more than twenty-five per cent. of their value, and one of them was a corner lot, and if the assessment was to be governed by the law in force prior to March 11, 1887, it should have been assessed for only 41.34 feet, instead of 135 feet as was done.   *Held:*

"1.   That H having signed the petition for the improvement which in effect waived the benefit of the twenty-five per cent. provision which he otherwise might have claimed, and such petition having been placed with the papers in the case, before the board recommended the passage of the ordinance to improve, it should be presumed that the board acted on the faith thereof, and the subsequent grantee of H. can not have the benefit of such twenty-five per cent. provision.

"2.   Such petitions having been filed and acted upon by the board and council prior to March 11, 1887, this initiated a proceeding for such improvement, and the section of the statute regulating assessments having been amended March 11, 1887, such amendment under the provision of Section 79, Revised Statute, did not affect such pending proceeding, but the assessment on such corner lot should have been made in conformity with the provisions of the section as it stood prior to March 11, 1887, at the time of the improvement ordinance."

At the bottom of page 401 and on page 402, Judge Smith says:

"The assessment on each of the lots exceeds twenty-five per cent. of the value thereof. The question is, whether the excess of the assessment over twenty-five per cent. of the value should be enjoined."

And near the bottom of 402, and following along on 403, we have this language:

"Under the decision of the Supreme Court in *Cincinnati* v. *Seasongood*, 46 Ohio St., 296, the general principle is laid down that the assessment to pay for a street improvement must be under, and be governed by, the law in force at the time of the passage of the improvement ordinance. As the improvement ordinance in this case was passed on May 13, 1887, which was after the taking effect of the law of March 11, 1887, it would follow that the assessment would be under this law, unless Section 79, Revised Statutes, changes the rule. This section provides that 'whether a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions or proceedings, unless so expressed.' If this act of March 11, 1887, relates merely to the remedy, it is manifest that it does not in any way, express or implied, provide that it shall apply to pending proceedings."

It is the judgment of this court upon both principle and authority that from the adoption of the preliminary resolution for the paving improvement mentioned in this petition, the proceeding was a pending one and that, as the act of April 21, 1904, contained no express provision that it should have application to pending proceedings, the limitation of assessments existing at the time of the amendatory enactment, is the limitation which should apply to these improvements; that the owners can not be assessed to pay beyond that limitation, to-wit, thirty-three per cent. of the tax value of the property, and we so hold.

It is our view that the court of common pleas did not err in overruling the demurrer to the petition, and the judgment of the court of common pleas will, therefore, be affirmed at the costs of the plaintiff in error.

*C. S. Northup,* City Solicitor; *Orion W. Nelson,* for plaintiff in error.

*F. J. Flagg, M. S. Dodd,* for defendant in error.